## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

|  |  |  |
|---|---|---|
| GARY BUTERRA WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:11CV125–HEH |
| | ) | Civil Action No. 3:12CV78–HEH |
| | ) | |
| CIRCUIT COURT FOR | ) | |
| CITY OF SUFFOLK, | ) | |
| | ) | |
| Respondent. | ) | |

### MEMORANDUM OPINION
### (Remanding Matter to State Court)

Gary Buterra Williams, a Virginia prisoner proceeding *pro se*, attempts to remove his state criminal prosecution to this Court. For the reasons that follow, the request will be denied and the matter will be remanded to state court.

### I. PROCEDURAL HISTORY

On February 18, 2011, the Court received Williams's "Petition for Removal of Criminal Prosecution Against Person Denied Civil Rights 28 U.S.C. § 1443" (hereinafter "Petition for Removal"). *Williams v. Circuit Court ex rel. City of Suffolk* ("*Williams I*"), 3:11cv125 (E.D. Va. received Feb. 18, 2011).[1] In his Petition for Removal, Williams sought to remove his then-pending state criminal charges for malicious wounding in the Circuit Court for the City of Suffolk ("Circuit Court") to this Court. The Court found Williams could not proceed *in forma pauperis* because he had three prior cases that had

---

[1] The Court employs the caption for *Williams I* in this Memorandum Opinion and Order.

been dismissed as frivolous or for failure to state a claim. *See* 28 U.S.C. § 1915(g).[2] By

Memorandum Opinion and Order entered on June 21, 2011, the Court dismissed the

action without prejudice because Williams failed to pay the required filing fee.

    Williams appealed. The United States Court of Appeals for the Fourth Circuit

reversed the decision of this Court. *See Williams v. Circuit Court ex rel. City of Suffolk*,

468 F. App'x 206, 208 (4th Cir. 2012). The Fourth Circuit concluded "the district court

erred in finding that Williams had sustained three strikes under [28 U.S.C. § 1915(g)]."

*Id.* at 207.[3] Accordingly, the Fourth Circuit vacated this Court's order and remanded "for

---

[2] That statute provides:

> In no event shall a prisoner bring a civil action [*in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

[3] The Fourth Circuit noted,

> [T]he district court relied on three 42 U.S.C. § 1983 (2006) suits instituted by Williams in finding that he was a "three-striker"— *Williams v. Vliet*, 3:05–cv–621 (E.D. Va. June 8, 2006), *Williams v. Cavedo*, 3:05–cv–842 (E.D. Va. Feb. 23, 2006), and *Williams v. City of Richmond*, 3:04–cv–747 (E.D. Va. Aug. 17, 2005). *City of Richmond*, however, was dismissed without prejudice for failure to state a claim for relief and, therefore, cannot be relied upon in finding Williams a "three-striker."

*Williams*, 468 F. App'x at 207. Ironically, Williams has attached to his Amended Petition for Removal a copy of this Court's previous decision explaining why *City of Richmond* constituted a third strike. (Am. Pet. Removal Attach. B.) In that case, the Court noted,

> A dismissal without prejudice may not constitute a "strike" unless a case was dismissed as legally frivolous. *McLean v. United States*, 566 F.3d 391, 400 (4th Cir. 2009). Although one of the cases was dismissed without prejudice, that case

a determination of whether removal was proper under § 1443." *Id.* at 207–08 (citing

*Northrup v. North Carolina*, No. 11-1883, 2012 WL 19807 (4th Cir. Jan. 5, 2012)).

Subsequent to the issuance of the above decision, Williams moved to consolidate

*Williams I* with *Williams v. Suffolk Circuit Court*, 3:12CV78 (E.D. Va. received Feb. 2,

2012) ("*Williams II*"). *Williams II* is another action by Williams wherein he petitions to

remove his criminal prosecution in the Circuit Court pursuant to 28 U.S.C. § 1443.

By Memorandum Order entered on July 9, 2012, the Court directed Williams to

submit a single, comprehensive Notice of Removal for *Williams I* and *Williams II*.[4]

Thereafter, Williams filed three motions for an extension of time to comply with the July

9, 2012 Memorandum Order and on August 1, 2012, the Court received Williams's

Amended Petition for Removal. Williams's Motions for Extension of Time (Dk.

Nos. 28–30 in *Williams I*) and Motion to Consolidate (Dk. No. 25 in *Williams I* and Dk.

No. 8 in *Williams II*) will be granted. The Court will assess the propriety of removal.

---

was dismissed as legally frivolous because Plaintiff's theories of recovery were "based upon an 'indisputably meritless legal theory.'" *Williams v. City of Richmond*, No. 3:04cv747, at 1 (E.D. Va. Aug. 17, 2005) (*quoting Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992)). Specifically, Plaintiff's claims were dismissed on the grounds that Plaintiff's claims were not cognizable under 42 U.S.C. § 1983 because he sought damages relating to then-pending criminal proceedings. *Id.* at 2–3.

*Williams v. Maskelony*, No. 3:09CV500, 2009 WL 3762242, at *1 n.1 (E.D. Va. Nov. 9, 2009).

[4] The Court also reminded Williams that he must attach to his request for removal "a copy of all process, pleadings, and orders served upon" him. 28 U.S.C. § 1455(a). Williams does not appear to have complied with this requirement. Williams merely attached a copy of some of his own submissions and two capiases from the Circuit Court.

## II. WILLIAMS'S AMENDED PETITION FOR REMOVAL

Williams alleges that on May 24, 2010, a grand jury in Suffolk, Virginia indicted

him for aggravated malicious wounding and wounding in the commission of a felony.

(Am. Pet. Removal ¶ 2.) He alleges,

> West Tidewater Regional Jail, a federal contract facility located in Suffolk, was being used by federal and state agents and agencies as a tool to manufacture evidence for unlawful convictions of black men, or to compel unlawful plea agreements from the same, when negro male pretrial detainee Williams . . . was forced into the jail by marshals on July 9, 2009.

(*Id.* ¶ 3.) Williams complains that while incarcerated, jail staff seized his legal papers

and threatened him. (*Id.*) Williams further alleges that when he attempted to expose

corruption at the jail, he "and other inmates who helped supply evidence were threatened,

beatened [sic], d[r]agged out etc[.,] but only Williams was hit with false pretextual

charges because he was the only negro whom the white jail staff and state prosecutors

feared might p[u]rsue civil remedy." (*Id.*)

Williams concludes,

> By reason of the state district attorney's office in Suffolk having a personal and substantial interest in keeping many unlawfully obtained convictions of black men kept secret, and by reason of a state trial court judge (Eason) making sure that Williams's incarcerated material witnesses requested pursuant to § 19.2–127 of the Code of Virginia don't show up in court proceedings, Williams is denied and cannot enforce in the judicial tribunals of the state, a right secured to him by the law of the United States, providing for the equal civil rights of citizens of the United States, to wit: the right under the 14th Amendment[5]to equal protection of the laws. . .

(*Id.* ¶ 4 (capitalization corrected; omission in original).)

---

[5] "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

## III. REMOVAL OF CRIMINAL PROCEEDINGS

Removal of a criminal action is proper if a defendant meets the substantive requirements of 28 U.S.C. § 1443.  That statute provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
> > (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> > (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.  The Supreme Court has stated that removal under 28 U.S.C. § 1443(2) "is available only to [federal or] state officers." *Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824 n.22 (1966).  Thus, Williams must demonstrate that removal is appropriate under 28 U.S.C. § 1443(1).

A "[p]rerequisite to a removal of a pending criminal prosecution under 28 U.S.C.A. § 1443(1) is a showing that the defendant is being denied rights guaranteed under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *South Carolina v. Moore*, 447 F.2d 1067, 1070 (4th Cir. 1971) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)) (internal footnote omitted).  Nevertheless, "'broad contentions of deprivation of equal protection and due process under the Fourteenth Amendment do not support removal of claims under § 1443(1).'" *Dugas v. Hanover Cnty. Circuit Court*, 3:08CV72, 2008 WL 4153765, at *3 (E.D. Va. Sept. 5, 2008) (quoting *New Mexico v. Gutierrez*, 409 F. Supp. 2d 1346, 1349 (D.N.M. 2006)).  The

5

Supreme Court has made clear that allegations of the ilk advanced here by Williams do

not warrant removal. *Greenwood*, 384 U.S. at 827–28.

> It is not enough to support removal under § 1443(1) to allege or show that
> the defendant's federal equal civil rights have been illegally and corruptly
> denied by state administrative officials in advance of trial, that the charges
> against the defendant are false, or that the defendant is unable to obtain a
> fair trial in a particular state court. The motives of the officers bringing the
> charges may be corrupt, but that does not show that the state trial court will
> find the defendant guilty if he is innocent, or that in any other manner the
> defendant will be 'denied or cannot enforce in the courts' of the State any
> right under a federal law providing for equal civil rights. . . . Under
> § 1443(1), the vindication of the defendant's federal rights is left to the
> state courts *except in the rare situations where it can be clearly predicted
> by reason of the operation of a pervasive and explicit state or federal law
> that those rights will inevitably be denied by the very act of bringing the
> defendant to trial in the state court.*

*Id.* (emphasis added) (citing cases); *see South Carolina v. Grace*, 234 F. App'x 103, 104

(4th Cir. 2007).

Williams does not identify any law of general application from which it can be

clearly predicted that he would not be able to enforce specified federal rights during his

state prosecution.[6] *Greenwood*, 384 U.S. at 828. Williams's conclusory allegations are

not sufficient to make "'an equally firm prediction that [he] would be 'denied or cannot

enforce' . . . specified federal rights in the state court.'" *Johnson v. Mississippi*, 421 U.S.

213, 219 (1975) (quoting *Rachel*, 384 U.S. at 804). Moreover, because Williams "has

failed to allege that his federal rights cannot be redressed at the appellate level in the

---

[6] For example, in *Georgia v. Rachel*, 384 U.S. 780 (1966), twenty African-American
individuals were prosecuted in state court for criminal trespass violations as a result of their
attempts to obtain service at a privately owned restaurant in Atlanta, Georgia. In contrast,
federal law required such a restaurant to serve persons of all races, thus immunizing the conduct
for which they were being prosecuted.

[Virginia] judicial system.  Section 1443(1) has thus not been satisfied."  *Delavigne v. Delavigne*, 530 F.2d 598, 600 (4th Cir. 1976).

## IV. CONCLUSION

Williams has failed to demonstrate that the requisite jurisdiction exists to allow him to remove his criminal cases to this Court.  Accordingly, the matter will be remanded to the Circuit Court.  *See Northrup v. North Carolina*, 461 F. App'x 211, 212 (4th Cir. 2012) (concluding "the proper disposition upon a determination of the lack of subject matter jurisdiction is to remand the case to the state court, rather than dismiss the action" (citing 28 U.S.C. §§ 1446(c)(3), (4), 1447(c) ; *Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005))).[7]

An appropriate Order shall accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Dec 7 2012
Richmond, Virginia

---

[7] Given this Court's lack of jurisdiction and the limited information regarding Williams's proceedings in the Circuit Court, it is premature to address the impact on Williams's defective attempts at removal on his criminal proceedings in the Circuit Court.  *See Clarke v. Dretke*, No. 3:03–CV–1651–M, 2003 WL 22510788, at *1 (N.D. Tex. Nov. 5, 2003) (requiring petitioner to exhaust his claim that state court improperly convicted him while removal petition was pending in federal court); *see also Verse v. Foltz*, No. 84–1282, 1985 WL 13485, at *1 (6th Cir. July 17, 1985).